UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA VELAZQUEZ,

      Plaintiff,

v.                                         CASE NO. 8:14-cv-2249-T-23MAP

SHERIFF CHRIS NOCCO, *et al.*,

      Defendants.

_____/

# O R D E R

      Velazquez's complaint alleges that the defendants violated his civil rights when they failed to protect him from an attack by another detainee in the Pasco County jail.  The defendants move to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.  (Doc. 21)  Velazquez has not opposed the motion.  Moreover, the last two orders sent to Velazquez were returned as undeliverable and Velazquez's last involvement in this action was when he submitted the service of process forms in January, 2015.  An earlier order (Doc. 9) cautioned Velazquez (1) that the failure to provide a change of address may result in the dismissal of his action, (2) that he must oppose a motion to dismiss, and (3) that the failure to oppose would not preclude the court from deciding the motion.  The motion to dismiss is meritorious.

      The defendants move to dismiss the complaint, which they argue fails to state a claim.  A *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289

(11th Cir. 1999), and on a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the allegations in the complaint are viewed in the light most favorable to the plaintiff.  *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Velazquez alleges that on May 25, 2014, he became embroiled in an altercation with fellow detainee Brown inside their housing unit.  When Deputy Moody, Sergeant Wagner, and Deputy Perez entered the housing unit, they saw Velazquez "wrestle" Brown "to the ground."  Dep. Moody sprayed Velazquez with pepper spray and restrained him with handcuffs.  The complaint alleges that, after Velazquez was restrained and while he was laying on the floor, Brown "struck me multiple times in the nose, face, and head with closed fists.  Dep. Moody then jumped off of me, took control of inmate Brown and stopped him from assaulting me."  Velazquez faults Sgt. Wagner and Dep. Perez for not restraining Brown and for not protecting him from Brown's attack while Velazquez was restrained.  Velazquez alleges that Dep. Alvarez "falsified documents by blatantly lieing [*sic*] on his report."

As *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984), instructs, prison officials are charged with the enormous responsibility of providing a prisoner with a safe environment.

> Within this volatile "community," prison administrators are to take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors. They are under an obligation to take

reasonable  measures to guarantee the safety of the inmates themselves.

*Smith v. Mosley*, 532 F.3d 1270, 1277 (11th 2008), cautions federal courts to afford prison officials due deference.

> "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources." *Turner v. Safley*, 482 U.S. 78, 84-5, 107 S. Ct. 2254, 2259, 96 L. Ed. 2d 64 (1987). Prison officials are therefore "accorded latitude in the administration of prison affairs." *Cruz v. Beto*, 405 U.S. 319, 321, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972). This latitude includes "the withdraw or limitation of many inmate privileges and rights." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974).

*Accord Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (recognizing that the administration of a prison is "at best an extraordinarily difficult undertaking.").

The facts in the complaint show that Dep. Moody responded appropriately. Moreover, Velazquez alleges no wrongdoing by Dep. Moody.  Instead the complaint faults Sgt. Wagner and Dep. Perez for not intervening.  Velazquez's claim is remarkably similar to the failure-to-intervene claim rejected in *Terry v. Bailey*, 376 Fed. App'x 894, 895–96 (11th Cir. 2010).[*]

> Terry claims prison officials violated his Eighth Amendment rights by failing to prevent an altercation between Terry and fellow inmate, Ethan Dorsey, and by failing to intervene during the altercation.
>
> We first address Terry's claim that prison officers Bailey and Bishop failed to prevent his altercation with his cellmate Dorsey. Although "prison officials have a duty . . . to protect

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

prisoners from violence at the hands of other prisoners," not every instance of inmate on inmate violence "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 833–34, 114 S. Ct. 1970, 1976–77, 128 L. Ed. 2d 811 (1994) (quotations omitted). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828, 114 S. Ct. at 1974. In order to constitute "deliberate indifference," the prison official (1) must have subjective knowledge of the risk of serious harm, and (2) must nevertheless fail to reasonably respond to the risk. *Id.* at 837–38, 114 S. Ct. at 1979–80. "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983. . . . The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and quotations omitted).

Terry fails to allege facts indicating Bailey and Bishop had any knowledge of an impending risk of serious harm to Terry and thus fails to sufficiently plead a basis for deliberate indifference.

. . . .

We next address Terry's claim that certain, unspecified prison officials failed to intervene in Dorsey's attack on Terry. Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998). However, in order for liability to attach, the officers must have been in a position to intervene. *See id.* (*citing Thompson v. Boggs*, 33 F.3d 847 (7th Cir. 1994)). Terry claims that some prison officers were outside of the cubicle area where the altercation took place and merely watched he and Dorsey fight, but Terry does not allege facts indicating that the duration of the fight or the position of the guards were such that the guards would have been in a "position to intervene."

Velazquez fails to allege facts showing that Sgt. Wagner and Dep. Perez were

deliberately indifferent to a known and substantial risk of serious injury.  Dep.

Moody controlled the situation by subduing the apparent aggressor (Velazquez) and

retraining him in handcuffs.  With the apparent aggressor (Velazquez) restrained, the situation did not present Sgt. Wagner and Dep. Perez with a "strong likelihood" that Velazquez risked subsequent injury.  *See Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference."). Applying *Terry* to this action, "[Velazquez] fails to allege facts indicating [Sgt. Wagner] and [Dep. Perez] had any knowledge of an impending risk of serious harm to [Velazquez] and thus fails to sufficiently plead a basis for deliberate indifference."  376 Fed. App'x at 896.

Lastly, Velazquez alleges in a conclusory fashion that Dep. Alvarez filed a falsified report on the incident.  Even if Velazquez has a protectible right from the filing of a false report, Velazquez never identifies how the report is incorrect.  The complaint asserts no fact that Sheriff Nocco was directly involved in the incident.

Accordingly, the motion to dismiss (Doc. 21) is **GRANTED**.  The clerk must enter a judgment for the defendants and close this case.

ORDERED in Tampa, Florida, on August 17, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE